WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Anthony Gurule,<br><br>    Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>    Respondent. | No. CV-13-00720-TUC-JAS (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Michael Anthony Gurule's *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1). Petitioner alleges that the Bureau of Prisons ("BOP") has failed to credit his federal sentence with time that he spent in state custody. *Id*. Respondent filed a Return and Answer and requests that the Court deny the Petition. (Doc. 15). Petitioner did not file a Reply.

As an initial matter, the Court notes that the proper respondent in an action for habeas corpus is the Petitioner's custodian, who at the time this action was filed was Craig Apker. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). The Court takes judicial notice that Craig Apker is no longer warden of United States Penitentiary—Tucson ("USP—Tucson"). The Court will substitute the new Warden of USP—Tucson, J. T. Shartle, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. The

Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2010, Petitioner was transferred to the custody of the U.S. Marshals Service pursuant to a federal writ of habeas corpus ad prosequendum issued by the United States District Court for the District of Colorado. (Doc. 15 Attach. 2). At the time that the writ issued, Petitioner was being held at Weld County Jail in Greely, Colorado. *Id.* On August 26, 2011 the District of Colorado sentenced Petitioner to 50 months imprisonment. (Doc. 15 Attach. 3)

Following his sentence in federal court, Petitioner was returned to Colorado state custody. On October 21, 2011 the state court in Weld County, Colorado sentenced Petitioner to 48 months in custody with credit for 549 days served, to run concurrent with his federal sentence. (Doc. 15 Attach. 4). Petitioner was released from state custody on a five-year parole sentence on October 23, 2012 and was transferred to USMS custody to begin serving his federal sentence. (Doc. 15 Attachs. 5 & 6).

The BOP calculated Petitioner's federal sentence as commencing on October 23, 2012, the date Petitioner was taken into federal custody for service of his federal sentence. (Doc. 15 Attach. 1). The BOP determined that Petitioner had no prior custody credit to apply toward his federal sentence because the time period from August 26, 2011 through October 22, 2012 was credited toward the satisfaction of his state sentence or was spent in actual service of the state sentence. (Doc. 15 Ex. A at ¶ 10). Petitioner's projected release date is June 9, 2016.[1] (Doc. 15 Attach. 1).

## II. ANALYSIS

a. Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own

---

[1] The BOP Inmate Locator indicates that Petitioner's release date is June 9, 2016, but that he is not in BOP custody. The Colorado DOC Offender Search indicates that Petitioner is on parole and that his sentence discharge date is July 13, 2016. Thus, Petitioner's exact whereabouts are presently unknown.

jurisdiction,' ... and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. at 864. Therefore, a proper characterization of the petition is necessary to determine jurisdiction. *Id*.

Additionally, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also Flast v. Cohen*, 392 U.S. 83, 94-95 (1968); *Munoz v. Rowland*, 104 F.3d 1096, 1097 (9th Cir. 1997). "A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Salazar-Torres v. Benov*, 2014 WL 4960586 (E.D. Cal.) (*citing Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence; rather, he seeks relief with respect to how that sentence is to be served. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. A § 2241 petition is the appropriate vehicle to challenge the BOP's determination of presentence credit on a petitioner's prison sentence. *Taylor v. Reno*, 164 F.3d 440, 442 (9th Cir. 1998). At the time of filing the Petition, Petitioner was incarcerated at USP—Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

    b. Exhaustion

        *i. In General*

As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241. *Ward v. Chavez*,

678 F.3d 1042, 1045 (9th Cir. 2012). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)).

> Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

*Id.* (*quoting Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (*citing Francis, Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State*

*Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

### ii. BOP Administrative Procedures

The BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C. F.R. § 542.10(a). Before filing a formal administrative grievance, an inmate is to "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue . . . " 28 C.F.R. § 542.13. A request for informal resolution is submitted using a BP–8 form. *See Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010).

The formal grievance system under the Administrative Remedy Program consists of three levels of review:

In the first level of review, an inmate files a formal Administrative Remedy Request written on a BP–9 form. The BP–9 form must be submitted to the Warden within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a); *see also Nunez*, 591 F.3d at 1219 ("The BP–8 and BP–9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident.").

Second, if an inmate is dissatisfied with the Warden's response, the inmate may submit an appeal on a BP–10 form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response to the inmate's Administrative Remedy Request. 28 C.F.R. § 542.15(a).

Third, "an inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

The deadlines contained within this process may be extended upon request by the inmate and a showing of a valid reason for delay. 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(b). An appeal is considered filed on the date it is logged in the Administrative

Remedy Index as received. 28 C.F.R. § 542.18. Once an appeal is filed, a Regional Director shall respond within 30 days; General Counsel shall respond with 40 days. *Id*. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

Here, Petitioner admits that he did not attempt to file a grievance or seek an administrative remedy, and Respondent notes that Petitioner has not submitted any administrative remedy requests during his incarceration with the BOP. However, despite Petitioner's failure to utilize the formal grievance system, in light of the present habeas petition, the BOP reviewed Petitioner's case to determine whether Petitioner was entitled to relief. (Doc. 15 at 5). The BOP considered the Petition as a request for retroactive designation, but ultimately declined to exercise its authority to designate the Colorado jail as the place for service of Petitioner's federal sentence. (Doc. 16).

As the Ninth Circuit Court of Appeals has recognized:

> the requirement of exhaustion of remedies [is to] aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). In the present case, the factual record is adequately developed, and nothing in the record suggests that further administrative review would result in any changes. While Petitioner failed to pursue the BOP's formal grievance system, the BOP considered Petitioner's habeas Petition as a request for retroactive designation and ultimately determined that Petitioner was not entitled to relief. Thus, to require Petitioner to go back to the BOP to exhaust any potential administrative remedies only to refile again in federal court would be a waste of both agencies' resources. Accordingly, the Court finds that Petitioner's claim is exhausted; however, even if the exhaustion is faulty, it shall be excused and the Court will reach the merits.

c. Prior Custody Credit

Petitioner contends that the BOP incorrectly calculated his federal sentence by refusing to credit Petitioner the time that he spent in state custody. (Doc. 1 at 5–7). Petitioner requests that the time from August 26, 2011 (the date of his federal sentencing) to October 23, 2012 (the day he was released from his state sentence on parole) be credited to his federal sentence "as that would be consistent with the state court sentencing me concurrently." *Id.* at 5. Petitioner states that while he agrees that he is not entitled to duplicate credit for pre-sentence time, he is "being denied the concurrent sentence ordered by the state court" because the BOP determined that his federal sentence did not commence until October 23, 2012. *Id.* at 7. Respondent contends that the BOP, in its discretion, can give effect to a state court's order that a state sentence run concurrently with a federal sentence, but cannot be compelled to do so. (Doc. 15 at 7). Here, Respondent states that the BOP reviewed Petitioner's § 2241 Petition as a request for retroactive designation, but ultimately decided not to designate the Colorado prison as the place for service of Petitioner's federal sentence. (Doc. 16).

"[T]he Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). "[A] federal sentence cannot commence until a prisoner is sentenced in federal district court." *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011). Further, a federal sentence does not actually commence until "'the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3585, not when sentence is imposed." *Taylor*, 164 F.3d at 445. In addition, a federal sentence does not commence upon pronouncement of the sentence while a state retains primary custody over a prisoner. *Id.* at 444, 447.

Here, Petitioner was transferred to BOP custody on July 14, 2010 pursuant to the writ of habeas corpus ad prosequendum, and was then returned to the custody of the state of Colorado following his sentencing in federal court. This temporary transfer of Petitioner to BOP's custody for purposes of federal prosecution did not interrupt his

primary state custody. The case law is clear that a person transferred to federal detention pursuant to a federal writ remains in state custody and not federal custody. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."). Thus, while Petitioner was "on loan" to the BOP, Petitioner remained under the primary jurisdiction of the state of Colorado, and the earliest date that Petitioner's federal sentence could begin is October 23, 2012—the date that Petitioner was released from his Colorado state sentence and transferred to USMS custody to begin service of his federal sentence.

Pursuant to 18 U.S.C. § 3585(b), a defendant is only entitled to credit for time served prior to the commencement of his sentence if that time has not been credited against another sentence:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Here, the time that Petitioner seeks federal credit for has already been credited toward the satisfaction of his state sentence or spent in service of his state sentence. (Doc. 15 Ex. A at ¶ 10). Accordingly, Petitioner is not entitled to have this time applied toward the satisfaction of his federal sentence under 18 U.S.C. § 3585(b).

Finally, while the BOP may exercise its discretion to give effect to a state court judgment that a state sentence run concurrently with a federal sentence, there is no law

holding that the BOP is required to do so. *See Taylor v. Sawyer*, 284 F.3d 1143, 1151 (9th Cir. 2002) ("state courts are not constitutionally empowered to control punishment for federal crimes"), *abrogation on other grounds recognized by Eccleston v. U.S.*, 585 Fed.Appx. 702 (9th Cir. 2014); *Barden v. Keohane*, 921 F.2d 476, n. 4 (3rd Cir. 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently"); *McCarthy v. Doe*, 146 F.3d 118, 121 (2d Cir. 1998) ("the state court's intent is not binding on federal authorities."). Pursuant to 18 U.S.C. § 3621(b):

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may* designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted . . .

(emphasis added); *see also Barden*, 921 F.2d at 483 ("The Bureau has wide discretion to designate the place of confinement for purposes of serving federal sentences of imprisonment."). Here, Petitioner asks the Court to compel the BOP to designate the Colorado state prison as a place of federal confinement so that Petitioner can receive credit toward his federal sentence for the time that he spent in state prison following his sentencing in federal court through the date that Petitioner was released from his state sentence and transferred to the custody of the USMS to begin serving his federal sentence. Petitioner argues that this would give effect to the state court's order that Petitioner's state sentence was to run concurrent with his federal sentence. However, the Court cannot compel the BOP to designate a particular facility for service of Petitioner's federal sentence. "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion." *Taylor*, 284 F.3d at 1149. And, "a state judge's imposition of a concurrent sentence is nothing more than a recommendation to federal officials that [they] are free to disregard." *Id.* at 1152 (*citing Del Guzzi v. U.S.*, 980 F.2d 1269, 1272–73 (9th Cir. 1992) (Norris, J. concurring)). Further, the BOP has already considered Petitioner's § 2241 Petition as a request for retroactive designation, and ultimately

declined to exercise its authority to designate the Colorado facility as the place for service of Petitioner's federal sentence. Thus, the BOP having already considered Petitioner's request, there is no further relief that this Court may grant.

### d. Conclusion

In light of the foregoing, the Court finds that Petitioner has been properly credited for all time served. Therefore, the undersigned recommends that the Petition (Doc. 1) be denied.

Finally, "the plain language of [28 U.S.C.] §2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a §2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate §2241 petitions. Although state prisoners proceeding under §2241 must obtain a [certificate of appealability], *see* §2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.* Accordingly, because Petitioner is a federal prisoner bringing a legitimate §2241 petition, a certificate of appealability is not required.

## III.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) **SUBSTITUTING** J.T. Shartle, Warden, as Respondent for Craig Apker pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2) **DENYING** Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District

Court. If objections are filed, the parties should use the following case number: **CV-13-720-TUC-JAS**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 20th day of May, 2016.

_____
Eric J. Markovich
United States Magistrate Judge